IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ACEL INTERNATIONAL, LLC and
GARY S. HUNTER

v.                                                        C.A. NO. 14-5971

TERI PLUMMER MCCLURE,
UNITED PARCEL SERVICE

MEMORANDUM OPINION

SCHMEHL, J.                                              April 2, 2015

Plaintiffs brought this *pro se* diversity action, seeking to recover $2000 for the cost of equipment that was allegedly lost by defendant United Parcel Service ("UPS"), and an additional $250,000 in consequential damages. Presently before the Court is the motion of the defendants to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons that follow, the motion is granted.

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint has facial plausibility when there is enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 55 U.S. 662, 678 (2009). A court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. Cnty of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Legal conclusions and

recitals of the elements of a cause of action that are supported only by mere conclusory statements are to be disregarded. Santiago v. Warminster Twp., 629 F. 3d 121, 128 (3d Cir. 2010).

Plaintiffs allege that they are citizens of Pennsylvania and that they purchased equipment worth $2,000 over the Internet from a New York corporation Saelig Company, Inc. ("Saelig") for use in plaintiff's business. Plaintiffs claim that Saelig shipped the equipment via UPS, but Plaintiffs never received the equipment. Plaintiffs alleges that because the equipment never was delivered, they lost a contract worth $250,000.[1]

Our Court of Appeals recently joined many other Courts of Appeal in holding that all state claims for compensation for the loss of or damage to goods shipped by a ground carrier in interstate commerce are preempted by the Carmack Amendment, 49 U.S.C. § 14706. Certain Underwriters at Interest at Lloyds of London v. United States Parcel Service of America, Inc., 762 F.3d 332 (3d Cir. 2014). As a result, plaintiff's state law claims against the defendants for loss or damage to the equipment are preempted by the Carmack Amendment.

Even if plaintiffs' Complaint could be construed as alleging a claim pursuant to the Carmack Amendment, this Court would lack jurisdiction over this case. Pursuant to 28 U.S.C. § 1337(a) and 49 U.S.C. § 14706(a), (d)(3), federal courts have original jurisdiction in such actions "only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." As plaintiff's Complaint alleges that the value of the property contained in the missing package was $2,000. Plaintiffs have not satisfied the amount in controversy

---

[1] Although Plaintiff's company is also named as a Plaintiff, it is well-settled that a corporation cannot represent itself *pro se* in federal court. Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993). Therefore the only viable plaintiff is Gary S. Hunter and Acel International, LLC will be stricken as a plaintiff in this action.

requirement of the Carmack Amendment.[2]

---

[2]UPS contends that defendant Teri Plummer McClure is UPS's Chief Legal, Communications and Compliance Officer. The Court agrees with UPS that the Complaint contains no allegations that Ms. Plummer was involved with the shipment of the equipment at issue, or that she has any personal knowledge of the applicable facts. Therefore, this action will also be dismissed with prejudice against Ms. Plummer.